NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0374n.06

No. 18-5839

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jul 22, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| SHELLY M. SHULL, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE MIDDLE |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| WALGREEN COMPANY, et al., | ) | **OPINION** |
| | ) | |
| **Defendants,** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CITY OF CROSSVILLE, TN; SCOTT | ) | |
| VAN RUDEN, | ) | |
| | ) | |
| **Defendants-Appellants.** | ) | |

**BEFORE: NORRIS, DAUGHTREY, and LARSEN, Circuit Judges.**

**ALAN E. NORRIS, Circuit Judge.** This appeal stems from the arrest of plaintiff, Shelly Shull, for shoplifting and criminal trespass at a Walgreen's drugstore located in Crossville, Tennessee. After the charges lodged against plaintiff were dismissed, she filed suit in the circuit court of Cumberland County, Tennessee. Her complaint named several parties as defendants, including the City of Crossville and one of its police officers, Scott Van Ruden. The complaint alleged that Van Ruden and—through him—the City of Crossville, violated plaintiff's Fourth and Fourteenth Amendment rights to be free from unlawful seizure and punishment without the benefit of due process. It also included Tennessee common law claims for malicious prosecution,

negligence, false imprisonment, abuse of process, and defamation. Defendants removed the case to the district court based upon federal question jurisdiction, 28 U.S.C. § 1331.

## I.

The underlying facts giving rise to this appeal are undisputed in all legally significant respects. The district court offered the following summary:

> On January 16, 2015, VanRuden was called to Walgreens in Crossville to answer a shoplifting complaint. He was informed that the shoplifter was a short, thin, white woman with dark hair, wearing black pants and a red coat and that she had left the store in a Lincoln town car with license plate number F49889C. VanRuden determined that Cynthia Tucker was the registered owner of the town car based on the license plate number. Shull's address was the same address that Cynthia Tucker listed on her driver's license. VanRuden obtained photographs of Tucker and Shull and information on Shull's height and weight from the Tennessee Department of Motor Vehicles ("DMV").
>
> Walgreens Cashier Kim McCoy, who was working on January 16, 2015 and observed the shoplifter, identified Shull's photo as the shoplifter. Shull's height and weight also matched shift manager Cameron Simms and McCoy's description of the shoplifter. Shull was on the banned list at Walgreens because of a public intoxication arrest on January 18, 2014. McCoy was also working at Walgreens during Shull's arrest on January 18, 2014 and remembered the incident.
>
> A Judicial Commissioner determined probable cause existed for shoplifting and criminal trespass charges and issued warrants for both. After the warrants issued, Shull turned herself in to the Crossville Police Department. Shull claims that she was not at Walgreens during the night of the January 2015 shoplifting incident.

*Shull v. Walgreen Co.* No. 2:16-CV-00011, 2018 WL 3539575, at *1 (M.D. Tenn. July 20, 2018) (footnotes and citations to the record omitted).

Prior to seeking an arrest warrant, Van Ruden verified that plaintiff was on the "banned" list at Walgreen based upon her arrest for public intoxication. Store clerk Kim McCoy submitted an affidavit in support of the arrest warrant application. In the affidavit, McCoy swore that she observed plaintiff with "several phone cases in her hand as she walked throughout the store." However, when plaintiff checked out, she did not present any of the phone cases. When McCoy

2

asked her where they were, plaintiff replied that she had "set them down in the store." At McCoy's request, plaintiff walked towards the spot she allegedly set the cases down. On the way McCoy saw her take the items out of her purse. When confronted, she told McCoy that she had intended to pay for them. McCoy summoned the police but plaintiff left before they—in the form of Officer Van Ruden—arrived.

A Judicial Commissioner found probable cause to issue an arrest warrant for criminal trespass, Tenn. Code Ann. § 39-14-405, and shoplifting, Tenn. Code Ann. § 39-14-146. Officer Van Ruden neither arrested plaintiff nor did he contact her after the arrest warrant issued. Plaintiff surrendered eight days later after learning of the warrant. According to an affidavit sworn by Officer Van Ruden, he appeared several times in court for hearings regarding the charges against plaintiff; in the end, however, the assistant district attorney "decided to dismiss the charges rather than to continue the prosecution."

Plaintiff then filed a civil suit in the Circuit Court for Cumberland County. As mentioned earlier, the complaint contains federal constitutional claims and state law claims. Only the federal claims are before us on appeal. The complaint contains the following allegations:

> Defendants operated to violate Shelly Shull's right to be unlawfully seized [sic], as secured by the Fourth Amendment to the Constitution of the United States of America, Shelly Shull's right to not be summarily punished without due process of law under the Fourteenth Amendment to the Constitution of the United States. . . .
>
> . . . .
>
> Each Defendant was aware at the time of this incident that Shelly Shull had a clearly established right to be free from the unlawful seizure of his [sic] person and to be free from being summarily punished without due process of law as described above.
>
> . . . .
>
> The Defendants in this matter were personally involved in the constitutional violation, or while acting in a supervisory capacity Crossville, Tennessee failed to remedy a continuing and egregious wrong after knowing or should have known about it.

3

Complaint, ¶¶ 34, 38, 40.

Defendants removed the matter to federal court based on federal question jurisdiction. Defendants Van Ruden and the City of Crossville moved for summary judgment exclusively on the federal claims. The district court first addressed the motion for summary judgment as it applied to defendant Van Ruden. In its view, the uncontested evidence established probable cause for the issuance of an arrest warrant. Because of its finding of probable cause, the district court granted judgment to Van Ruden on plaintiff's Fourth Amendment claim. For her part, plaintiff has not filed a cross-appeal challenging the denial of the claim.

The only issues remaining on appeal concern plaintiff's claims that her Fourteenth Amendment "right not to be summarily punished without due process of law" was violated by her arrest and her state-law claims for defamation, negligence, and abuse of process. The district court denied qualified immunity to Officer Van Ruden on the due process claim in a single sentence. The lack of a reasoned explanation of its decision stands in contrast to its judgment on plaintiff's Fourth Amendment claim.

With respect to the City, the district court granted judgment to it on the federal claims. Although the City is a party to the notice of appeal, no claims remain against it and plaintiff has not filed a cross-appeal.

## II.

The contours of qualified immunity are well-defined:

The doctrine of qualified immunity shields officials from civil liability if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)). The qualified immunity analysis has two steps: "(1) whether, considering the allegations in a light most favorable to the party injured, a constitutional right has been violated, and (2) whether that right was clearly established." *Estate of Carter v. City of Detroit*, 408

F.3d 305, 310–11 (6th Cir. 2005) (citing *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001)).

*Richmond v. Huq*, 885 F.3d 928, 947 (6th Cir. 2018). We review the denial of summary judgment based upon qualified immunity de novo. *Harrison v. Ash*, 539 F.3d 510, 516 (6th Cir. 2008). The scope of our review includes "a challenge to the district court's legal determination that the defendant's actions violated a constitutional right or that the right was clearly established." *Bunkley v. City of Detroit*, 902 F.3d 552, 559 (6th Cir. 2018) (citation omitted).

The Supreme Court has recently reiterated that courts must not define "clearly established law" at a high level of generality when determining whether a public official is entitled to qualified immunity. *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (quoting precedents). In this case, plaintiff points to no authority for the proposition that a due process claim arises when an officer obtains an arrest warrant based on probable cause from a neutral judicial officer, which is what happened here. Thirty years have passed since the Supreme Court held that all seizures of a person, including those involving the alleged use of excessive force, must be analyzed solely under the Fourth Amendment, not under the "substantive due process" component of the Fourteenth. *Graham v. Connor*, 490 U.S. 386, 395 (1989). The district court adopted that approach when it granted summary judgment to Officer Van Ruden on plaintiff's Fourth Amendment claim. As the court appeared to recognize, the Fourth Amendment provides the only constitutional avenue for redress on claims that, at their core, allege an unlawful arrest without probable cause.

Plaintiff's due process argument rests on the thinnest of reeds: that Officer Van Ruden's use of photographs that he obtained from the Tennessee Bureau of Motor Vehicles and showed to store clerk McCoy as a means of identifying the shoplifter were impermissibly suggestive. In support, counsel cites *Neil v. Biggers*, 409 U.S. 188 (1972), a habeas corpus case in which the petitioner argued that use of suggestive photographs and line-ups prior to his arrest for rape

violated his right to due process. While *Biggers* considered "the scope of due process protection against the admission of evidence deriving from suggestive identification procedures," *id.* at 196, it ultimately condoned the use at trial of photographs and other means of identifying a rapist that may have been thought overly suggestive and unreliable. *Id.* at 200-01. *Biggers* falls far short of representing the kind of granular precedent required to deny qualified immunity based upon "clearly established law." Accordingly, judgment should be entered in favor of Officer Van Ruden on both federal causes of action.

Furthermore, judgment should also be entered in favor of Van Ruden and the City of Crossville on plaintiff's state-law claims of defamation, negligence, and abuse of process. Each of those claims is defeated by the simple fact that Van Ruden (and by extension, the City of Crossville) possessed probable cause to take the actions he did against plaintiff.

**III.**

The judgment of the district court is hereby **vacated** and the matter **remanded** with instructions to enter judgment in favor of defendants on all claims raised by plaintiff.